ALBERT PIERRO, PLAINTIFF - RESPONDENT, v. THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 22, 1966—Decided March 2, 1966.

Before Judges GOLDMANN, FOLEY and COLLESTER.

*Mr. E. Norman Wilson* argued the cause for appellant.

*Mr. Albert J. Shea* argued the cause for respondent.

PER CURIAM. The county district court judgment granting plaintiff's demand for salary due him as member of the municipal board of alcoholic beverage control is reversed.

Hoboken adopted Mayor-Council Plan D of the Faulkner Act (*N. J. S. A.* 40:69A–61 *et seq.*) on July 1, 1953, and has since continued to be governed under that form. The Faulkner Act, *N. J. S. A.* 40:69A–26, provided then, as now, that upon adoption of any of its optional forms, the municipality "shall thereafter be governed by the plan adopted, by the provisions of this act common to optional plans and by all applicable provisions of general law * * *." *N. J. S. A.* 40:69A–28 has always provided that

"For the purposes of this act, a 'general law' shall be deemed to be any law or provision of law, not inconsistent with this act, heretofore or hereafter enacted which is by its terms applicable or available to all municipalities * * *."

According to the 1965 *Legislative Manual,* Hoboken had a population of 48,441 in 1960, and 50,676 in 1950. It established a local alcoholic beverage control board by ordinance on July 15, 1953, pursuant to authority granted by the Alcoholic Beverage Control Act, *N. J. S. A.* 33:1–5, which provided that any municipality with a population of 15,000 or more "may establish * * * by resolution or ordinance * * * a municipal board of alcoholic beverage control" consisting of three persons with staggered terms of three years. Further, board members were to receive no salaries, "except in counties of the first class, in which such members may be paid salaries not to exceed three thousand dollars ($3,000.00) per annum * * *." Hoboken is part of Hudson County, a county of the first class.

On April 4, 1954 Hoboken adopted an ordinance fixing the salary of members of the local board at $2,700 a year, payable at the weekly rate of $51. At that time payment of a salary to board members was not inconsistent with any Faulkner Act provision. Accordingly, *N. J. S. A.* 33:1–5 of

the Alcoholic Beverage Control Act provided the necessary authority for such payment, that act being a "general law."

N. J. S. A. 40:69A–43 has three times been amended. It was not until the passage of L. 1961, c. 126, that N. J. S. A. 40:69A–43(e) mentioned the payment of salaries to control board members in cities of less than 250,000 population. This last amendment, effective December 21, 1961, stated:

"* * * Except in cities of the first class having a population of more than 250,000 the members of such board shall serve without compensation but may be reimbursed for necessary expenses incurred in the performance of their duty; in cities of the first class having a population of more than 250,000, the members of such board shall receive such compensation as shall be established by ordinance * * *."

With the passage of this amendment the Faulkner Act for the first time included a provision inconsistent with N. J. S. A. 33:1–5.

Plaintiff was appointed to the local board in July 1963, at a time when the Faulkner Act did not allow payment of a salary to members in a city like Hoboken. He therefore took office subject to the provisions of N. J. S. A. 40:69A–43(e), just quoted. The Hoboken ordinance of 1954, fixing salaries of board members at $2,700 a year, was no longer effective, since it ran contrary to the Faulkner Act provision. Accordingly, plaintiff was not entitled to a salary at the time of his appointment and thereafter.

Reversed.